UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PIANGE JACKSON, | Case No. 2:12-CV-02091-APG-NJK |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO DISMISS |
| ARGOSY UNIVERSITY, ON-LINE DIVISION; ARGOSY UNIVERSITY; ARGOSY UNIVERSITY EDUCATION MANAGEMENT, LLC; EDUCATION MANAGEMENT HOLDINGS, LLC; EDUCATION MANAGEMENT-CORPORATION; and ARGOSY UNIVERSITY OF ARGOSY EDUCATION GROUP, INC. | (Dkt. No. 6) |
| Defendants. | |

I. **BACKGROUND**

In 2007, plaintiff Piange Jackson ("Jackson") enrolled in Argosy University's[1] on-line program for a doctoral degree in education. Jackson is an African-American woman who was over the age of 40 at all relevant times for purposes of this suit. Jackson received federal financial aid through Argosy totaling more than $200,000.

About half-way through the program, Jackson took an advanced writing class taught by Dr. Radhike Das ("Das"). She alleges that Das repeatedly harassed and criticized her and that she "received grades well below her previous grades from other courses." (Compl. ¶ 15.) Jackson

---

[1] The Court refers to the various Argosy-related entities as "Argosy."

next alleges that, upon inquiring about the low grades, Das told her that "[Das] and the Argosy Writing Department director could not believe that [Jackson] was allowed to be in the Doctoral Program" and that "[Das] could tell by [Jackson's] poor writing skills that [Jackson] was a b[l]ack person." (Compl. ¶ 16.) Following these comments, Jackson received a failing grade for this writing class.

Jackson appealed the "F" grade to Dr. Taba ("Taba"), Argosy's dean. Taba informed Jackson that she needed to repeat the class to obtain a different grade. Jackson alleges that she learned that Argosy was investigating her and that the school harassed her by reassigning her classes and requiring her to participate by telephone. She also alleges her classes were not recorded, in violation of school policy. She further alleges she was not given the proper tools to succeed, such as books or a study guide which are routinely provided to students, and it was therefore very difficult for her to proceed in the doctoral program.

Jackson was assigned to Das for the make-up writing class. After she protested, she was reassigned to instructor Linda Byington ("Byington"). She again received a failing grade, and was therefore unable to obtain her doctoral degree. Byington allegedly told Jackson that Byington could tell from Jackson's writing that Jackson was "black" and that "because of that time in history of your former education, and you being raised in the South, is your disadvantage. This is why you are having a problem passing my writing class." (Compl. ¶ 22.)

With this failing grade, Jackson alleges she "lost the opportunity to acquire the Degree she spent three years pursuing." (Compl. ¶ 23.)

On December 7, 2012, Jackson filed the Complaint against various Argosy-related entities. She brings the following claims: (1) age discrimination in violation of the Age Discrimination Act of 1975 ("AgeDA"), 42 U.S.C. §§ 6101–6107; (2) race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17; (3) sex discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–1688; (4) disability discrimination in violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and (5) "harassment," which the Court understands to be either a state law tort or a claim properly subsumed within her federal civil rights claims.

She seeks relief in the form of (1) a declaration that she has "met the criteria to receive her Doctoral Degree from the University"; (2) general and special damages in excess of $200,000; (3) emotional distress damages in an unspecified amount; and (4) punitive damages in an unspecified amount. (Compl. at pp. 11–12.)

On February 21, 2013, Argosy filed a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. No. 6.) On December 11, 2013, the Court dismissed under Rule 4(m) various Argosy-related entities such that there are only two remaining defendants: Education Management Corporation and Argosy University of Argosy Education Group, Inc. (Dkt. No. 16.) This Order resolves the pending motion to dismiss (Dkt. No. 6).

## II. ANALYSIS

### A. Legal Standard — Motion to Dismiss

A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

District courts must apply a two-step approach when considering motions to dismiss. *Id.* at 679. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678. Second, the court must consider

whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and citation omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### B. <u>Race Discrimination — Title VII</u>

Title VII governs discrimination in the employment context. *See* 42 U.S.C. § 2000e-2. If the plaintiff was not or is not connected to the defendant by some form of employment relationship, Title VII is inapplicable. *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 580 (9th Cir. 2000). Because Jackson was a student at Argosy and not connected to Argosy by an employment relationship, her claim under Title VII must be dismissed.

### C. <u>Sex Discrimination — Title IX</u>

Title IX prohibits discrimination only on the basis of sex: "[n]o person in the United States shall, *on the basis of sex*, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. § 1681 (emphasis supplied).

Argosy does not dispute that the doctoral program in which Jackson was enrolled receives federal financial assistance. Title IX thus applies. However, Jackson has not pled sufficient facts such that the Court can reasonably infer that Argosy discriminated against her on the basis of sex. *See Iqbal*, 556 U.S. at 663. To the contrary, she contends discrimination occurred on the basis of race and age. She pleads that she is a woman, but that fact alone is insufficient to render it

plausible that Argosy violated Title IX. *See Twombly*, 550 U.S. at 570. Accordingly, the Title IX claims must be dismissed.[2]

### D. Disability Discrimination — The Rehabilitation Act

In pertinent part, section 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]

29 U.S.C. § 794. This statute prohibits discrimination only on the basis of disability. As Jackson has not alleged that she is disabled, her claim under the Rehabilitation Act must be dismissed.

### E. Age Discrimination

Argosy contends the Court does not have subject matter jurisdiction over this claim because Jackson has not fulfilled her statutory notice requirements. Argosy further contends this claim should be dismissed because the monetary damages and injunctive relief that Jackson seeks are not available under the AgeDA.

The purpose of the AgeDA is "to prohibit discrimination on the basis of age in programs or activities receiving Federal financial assistance." 42 U.S.C. § 6101. "[N]o person in the United States shall, *on the basis of age*, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." *Id.* § 6102 (emphasis supplied).

Federal district courts have subject matter jurisdiction over AgeDA claims only if the plaintiff has exhausted her administrative remedies and has complied with the statutory notice requirements. *Long v. Fulton Cnty. Sch. Dist.*, 807 F. Supp. 2d 1274, 1283 (N.D. Ga. 2011);

---

[2] Unlike Title IX of the Education Amendments of 1972, which does not address racial discrimination, Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d–2000d-7, prohibits race discrimination in the educational context. "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

*Rannels v. Hargrove*, 731 F. Supp. 1214, 1221 (E.D. Pa. 1990); *Popkins v. Zagel*, 611 F. Supp. 809, 812 (C.D. Ill. 1985); 15 AM. JUR. 2d *Civil Rights* § 387 (2013).

> [A]dministrative remedies [are] deemed exhausted upon the expiration of 180 days from the filing of an administrative complaint during which time the Federal department or agency makes no finding with regard to the complaint, or upon the day that the Federal department or agency issues a finding in favor of the recipient of financial assistance, whichever occurs first.

42 U.S.C. § 6104(f). Here, the federal Department of Education's Office of Civil Rights ("OCR") issued a finding in favor of Argosy (the recipient of financial assistance) on February 6, 2012. (Dkt. No. 6-1 at 2.) Administrative remedies were thus exhausted on that date, about 10 months before Jackson filed the instant Complaint.

As to notice, Jackson was required to give at least 30 days' notice by registered mail, prior to commencing her suit, to the Secretary of Health and Human Services, the Attorney General, "the person against whom the action is directed," "the head of the granting agency, and the [grant] recipient." 42 U.S.C. § 6104(e)(1); 45 C.F.R. § 90.50(b)(iii). The relevant "person[s] against whom the action is directed" are Education Management Corporation and Argosy University of Argosy Education Group, Inc., as the only two remaining defendants. The Court presumes, for purposes of this Order, that one of the two remaining defendants is also the grant recipient. The notice must "state the nature of the alleged violation [of the AgeDA], the relief . . . requested, the court in which the action will be brought, and whether or not attorney's fees are being demanded in the event the plaintiff prevails." 42 U.S.C. § 6104(e)(2).

Jackson alleges that she "provided Notice to [t]he Attorney General of the United States, [t]he Secretary of Education and to Argosy University, of her intent to file a Civil Lawsuit in this Court." (Compl. ¶ 5.) This is insufficient to meet the AgeDA's notice requirements. There is no indication about when Jackson provided this notice; the Court has no basis to infer that the notice was provided at least 30 days before Jackson filed the Complaint. In addition, Jackson does not explain what information the notice contained. She does not even generally allege that the notice contained the statutorily-mandated information.

Accordingly, the Court must dismiss the AgeDA claim for lack of subject matter jurisdiction under Rule 12(b)(1).

### F. "Harassment"

The nature of the alleged "harassment" claim is unclear. To the extent it is another way of describing the allegedly discriminatory conduct addressed more directly by the civil rights claims, the "harassment" claim is dismissed for the reasons set forth above. If the "harassment" claim is a state law tort (e.g., intentional infliction of emotional distress), the Court declines to exercise supplemental jurisdiction over this claim upon the dismissal of all of Jackson's federal claims. 28 U.S.C. § 1367(c)(3).

## III. CONCLUSION

In accord with the above, the Court hereby ORDERS:

1. The motion to dismiss (Dkt. No. 6) is GRANTED.

2. Jackson is granted leave to amend. However, to proceed on her age discrimination claim, she must establish that she provided sufficient notice under the AgeDA statute *before* the commencement of *this lawsuit*. If Jackson establishes notice after the commencement of this lawsuit, the Court will dismiss the age discrimination claim and Jackson would have to file a new lawsuit for age discrimination. Jackson must file her amended complaint within 30 days from the entry of this Order or this case will be closed.

DATED this 27 day of January, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE